IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **DARLENE BROWN,**<br>**Plaintiff,**<br><br>**v.**<br><br>**FRANK BISIGNANO,**<br>**COMMISSIONER OF SOCIAL SECURITY,**<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:25-cv-00066**<br>**Judge Trauger / Frensley** |

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 9. Plaintiff has filed an accompanying Memorandum. Docket No. 10. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 14. Plaintiff filed a Reply. Docket No. 15.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record (Docket No. 9) be **DENIED**, and that the decision of the Commissioner be **AFFIRMED**.

## I. INTRODUCTION

Plaintiff filed her application for DIB on January 17, 2023, alleging that she had been disabled since July 8, 2021. Docket No. 6 ("TR"), p. 190-93. Plaintiff's application was denied both initially (TR 53) and upon reconsideration (TR 63). Plaintiff subsequently requested (TR 83) and received (TR 32-52) a hearing. Plaintiff's hearing was conducted on May 6, 2024, by Administrative Law Judge ("ALJ") Kerry Morgan. TR 32. Plaintiff and vocational expert ("VE"),

Donna Bardsley, appeared by phone and testified. *Id.*

On July 1, 2024, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 14-31. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since July 8, 2021, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease with stenosis, fibromyalgia, rheumatoid arthritis, and chronic fatigue syndrome (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk with normal breaks for 6 out of 8 hour day, can sit with normal breaks for 6 hours out of an 8 hour day, can occasionally climb stairs and ramps, never climb ladders, ropes or scaffolds, frequently balance, occasionally stoop, kneel, crouch and crawl, tolerate occasional exposure to extreme cold and extreme heat, occasional exposure to vibrations, no exposure to hazardous machinery or unprotected heights, limited to office level noise, alternate sit and stand every thirty minutes.

6. The claimant is capable of performing past relevant work as an accounting clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 8, 2021, through the date of this decision (20 CFR 404.1520(f)).

TR 19-20, 24, 26.

On July 17, 2024, Plaintiff timely filed a request for review of the hearing decision. TR 184-86. On July 3, 2025, the Appeals Council issued a letter declining to review the case (TR 1-

6), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The Parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standard of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *See* 42 U.S.C. § 405(g); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Id.* "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original), *quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support the conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389 (6th Cir. 1999), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell*

*v. Comm'r of Soc. Sec.,* 105 F. 3d 244, 245 (6th Cir. 1996), *citing Consol. Edison Co.*, 305 U.S. at 229; *see also Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F. 2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F. 3d at 389, *citing Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997).

If the Commissioner did not consider the record as a whole; however, the Commissioner's conclusion is undermined. *Hurst v. Sec'y of Health & Human Servs.*, 753 F. 2d 517, 519 (6th Cir. 1985), *citing Allen v. Califano,* 613 F. 2d 139, 145 (6th Cir. 1980). Moreover, an ALJ's decision lacks the support of substantial evidence if the ALJ fails to follow agency rules and regulations, "even where the conclusion of the ALJ may be justified based upon the record." *Miller v. Comm'r of Soc. Sec.*, 811 F. 3d 825, 833 (6th Cir. 2016), *citing Gentry v. Comm'r of Soc. Sec.*, 741 F. 3d 708, 722 (6th Cir. 2014) (internal citations omitted); *Cole v. Astrue*, 661 F. 3d 931, 937 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004); *accord Goppert v. Berryhill*, No. 3:16-cv-02739, 2018 WL 513435, at *4 (M.D. Tenn. Jan. 23, 2018) (Report and Recommendation adopted Mar. 1, 2018, 2018 WL 138533).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnoses and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F. 2d 361, 374 (6th Cir. 1965).

**B. Proceedings At The Administrative Level**

The claimant carries the ultimate burden to establish an entitlement to benefits by proving

his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process summarized as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent.[1] If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a prima facie case of disability.
>
> (5) The burden then shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*See, e.g.* 20 CFR §§ 404.1520, 416.920. *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir.

[1] The Listing of Impairments is found at 20 CFR § 404, Subpt. P, App. 1.

1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. *Moon*, 923 F. 2d at 1181; 20 CFR § 404, Subpt. P, App. 2, Rule 200.00(e)(1), (2). *See also Damron v. Sec'y of Health & Human Servs.*, 778 F. 2d 279, 281-82 (6th Cir. 1985). Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's prima facie case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Sec'y of Health & Human Servs.*, 820 F. 2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments: mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

**C. Plaintiff's Statement Of Errors**

Plaintiff contends that "[t]he ALJ's RFC assessment is not supported by substantial evidence because the ALJ used her own lay medical opinion to interpret raw medical data and failed to build a logical bridge between the evidence and the RFC." Docket No. 10, p. 1. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id*.

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F. 2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934-35 (6th Cir. 2018), *citing Faucher v. Sec'y of Health & Human Servs.*, 17 F. 3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F. 3d 316, 318 (6th Cir. 1994).

Plaintiff contends that the ALJ erred in determining Plaintiff's RFC to perform a range of light work with a sit/stand option every thirty minutes and failed to provide any evidentiary support for that limitation. Docket No. 10, p. 7. Plaintiff supports this allegation with a concession from the ALJ, in which he stated that "Plaintiff does not have the ability to substantially perform 'all of these activities'" that are required in 20 C.F.R. § 404.1567(b). *Id.* at 7-8. Plaintiff further contends that the ALJ provided no explanation for why the limitation did not incorporate the full breadth of Plaintiff's testimony. *Id.* at 8. Plaintiff asserts that the ALJ did not make the required connection between the evidence relied on and the conclusion that Plaintiff was able to sit/stand for thirty minutes at a time. *Id.* at 9-10. Plaintiff argues that the ALJ must "clearly state his reasons" for rejecting Plaintiff's testimony, yet the ALJ instead relied on "mischaracterizations of the record and notations of the conservative nature of her treatment." *Id.* at 10. Plaintiff maintains that even

the objective findings did not show improvements during Plaintiff's treatment, which is inconsistent with the ALJ's findings. *Id.* at 11.

Additionally, Plaintiff asserts that Plaintiff's lack of emergency treatment and stable condition do not provide the necessary support for the ALJ to discount her subjective claims. *Id.* Plaintiff further alleges that the ALJ's assessment of Plaintiff as stable does not address Plaintiff's subjective complaints. *Id.* at 12. Plaintiff contends that the record does not support the ALJ's finding that Plaintiff received only conservative treatment, given that she received injections and was told she was not a candidate for surgery because of her arthritis. *Id.*

Defendant responds that the ALJ articulated appropriate bases for assigning weight to the evidence of record in finding that Plaintiff retained an RFC to perform a reduced range of light work. Docket No. 14, p. 4. Defendant asserts that the ALJ properly considered the prior medical findings, which supported the finding "that Plaintiff could perform a range of light work with occasional postural activities and environmental limitations." *Id.* at 5. Defendant contends that the ALJ found the prior administrative medical findings somewhat persuasive regarding Plaintiff's physical impairments because the state agency medical consultants were well qualified and their findings were consistent with the evidence of record. *Id.* at 5-6. Defendant maintains that the ALJ determined that Plaintiff required the sit/stand option based on "Plaintiff's testimony that she changed positions to help relieve pain." *Id.* at 6. Defendant asserts that Plaintiff submitted no medical opinion that she is incapable of performing a light range of work and that the medical consultants' opinions, which the ALJ found somewhat persuasive, contradicted Plaintiff's unsupported subjective allegations. *Id.* at 7. Defendant contends that it is the ALJ's responsibility to resolve conflicts in the record, and the ALJ did so by concluding that Plaintiff would need to alternate between sitting and standing every thirty minutes. *Id.* Defendant further asserts that the

ALJ properly considered Plaintiff's medical treatment, which reported significant pain relief and a stable condition with improved function on medication. *Id.* Defendant maintains that the ALJ acknowledged Plaintiff's financial constraints, but also highlighted that Plaintiff never sought emergency care or alternative treatment methods for severe pain. *Id.* at 8. Defendant ultimately contends that the ALJ properly considered "the opinion evidence, Plaintiff's medical treatment, and the other medical evidence" of record, and that substantial evidence supports the ALJ's finding. *Id.*

Plaintiff replies that Defendant's argument is comprised of *post hoc* rationalization that does not rectify the errors contained within the ALJ's decision. Docket No. 15, p. 1-2. Plaintiff asserts that the Court's review of an ALJ's decision is limited to the ALJ's rationale for the decision. *Id.* at 2.

As has been demonstrated in the statements of error above, the record here is replete with doctors' evaluations, medical assessments, test results, and the like, all of which were properly considered by the ALJ, and all of which constitute substantial evidence. Additionally, the ALJ's decision demonstrates that he carefully considered the testimony of both Plaintiff and the VE. While it is true that some of the testimony and evidence supports Plaintiff's allegations of disability, it is also true that much of the evidence supports the ALJ's determination that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk with normal breaks for 6 out of 8 hour day, can sit with normal breaks for 6 hours out of an 8 hour day, can occasionally climb stairs and ramps, never climb ladders, ropes or scaffolds, frequently balance, occasionally stoop, kneel, crouch and crawl, tolerate occasional exposure to extreme cold and extreme heat, occasional exposure to vibrations, no exposure to hazardous machinery or unprotected heights, limited to office level noise, alternate sit and stand every thirty minutes.

TR 20. Because substantial evidence supports the ALJ's determination that Plaintiff has

the RFC to perform light work with some limitations, the ALJ's decision must stand.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment Based on the Administrative Record (Docket No. 9) be **DENIED**, and that the decision of the Commissioner be **AFFIRMED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**