IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DARLENE BROWN,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-00066** |
| | ) | **Judge Aleta A. Trauger** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Plaintiff Darlene Brown filed this case under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's denial of her application for disability insurance benefits under Title II of the Social Security Act. Currently pending is Brown's Motion for Judgement [sic] on the Administrative Record ("Motion for Judgment") (Doc. No. 9), filed along with a supporting Memorandum of Law (Doc. No. 10). The Commissioner of Social Security filed a complete copy of the underlying Administrative Record ("AR") (Doc. No. 6) and a Response to the Motion for Judgment (Doc. No. 14). The plaintiff filed a Reply in further support thereof. (Doc. No. 15.) The Magistrate Judge to whom this matter was referred has issued a Report and Recommendation ("R&R") (Doc. No. 19), recommending that Brown's motion be denied. Brown filed a timely Objection (Doc. No. 20), to which the Commissioner has responded (Doc. No. 21).

For the reasons set forth herein, the plaintiff's Objection will be overruled, and her motion will be denied.

[1] The Magistrate Judge granted the plaintiff's Unopposed Motion to Substitute Party, substituting Darlene Brown's husband, Rojelio Garcia, Jr., as the plaintiff in this matter, following Darlene Brown's death. (*See* Doc. Nos. 16, 17.) Following the parties' and the Magistrate Judge's convention, the court has not modified the case caption to reflect this change.

## I. LEGAL STANDARDS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the context of a case seeking social security benefits, the court must "uphold the ALJ's decision unless the ALJ failed to apply the correct legal standard or made findings that are unsupported by 'substantial evidence.'" *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

"'[S]ubstantial evidence' is a term of art, . . . [a]nd it is not [a] high threshold." *Id.* (internal quotation marks and citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard requires '"more than a mere scintilla'" but less than a preponderance; substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)); *see also Biestek*, 587 U.S. at 103. The court does not resolve conflicts in the evidence or revisit questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Similarly,

the court will not reverse findings of an ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

## II. BACKGROUND

In the R&R, the Magistrate Judge sets forth in detail the ALJ's findings as to the plaintiff's residual functional capacity ("RFC"), the parties' positions, and the applicable legal standards, and he addresses the sole issue raised in the plaintiff's Motion for Judgment—namely, that the "ALJ's RFC assessment is not supported by substantial evidence because the ALJ used her own lay medical opinion to interpret raw medical data and failed to build a logical bridge between the evidence and the RFC." (Doc. No. 10 at 1.) The R&R finds that the record in this case is

> replete with doctors' evaluations, medical assessments, test results, and the like, all of which were properly considered by the ALJ, and all of which constitute substantial evidence. Additionally, the ALJ's decision demonstrates that [s]he carefully considered the testimony of both Plaintiff and the VE. While it is true that some of the testimony and evidence supports Plaintiff's allegations of disability, it is also true that much of the evidence supports the ALJ's determination [of the plaintiff's RFC].

(Doc. No. 19 at 9.) On this basis, the R&R rejects the plaintiff's claim for relief and recommends that her Motion for Judgment be denied.

## III. DISCUSSION

The plaintiff objects to the R&R, arguing that "the Magistrate Judge's finding is not well-explained, relied on *post hoc* rationalizations, and failed to actually address the crux of Plaintiff's arguments." (Doc. No. 20 at 1.) The "crux" of the plaintiff's argument in her Motion for Judgment is that the ALJ did not adequately explain her determination that the plaintiff needed to be able to alternate between sitting and standing every thirty minutes. (*See* Doc. No. 10 at 7 ("Here, in pertinent part, the ALJ assessed Plaintiff with an RFC for a range of light work with a sit/stand option every thirty minutes. However, this RFC is unsupported by substantial evidence because

the ALJ used her own lay medical opinion to evaluate Plaintiff's need for a sit/stand limitation and failed to provide any evidentiary support for the limitation she included in the RFC." (citing AR 20)).) The plaintiff maintains that "the evidentiary basis and reasoning behind the ALJ's RFC assessment is not evidence from the decision" and that "[t]his is error." (*Id.* at 8.)

On *de novo* review of this issue, the court finds that the ALJ's decision was adequately explained and is supported by substantial evidence. At step four of the sequential analysis, the ALJ made the following RFC finding:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 pounds frequently, can stand and walk with normal breaks for 6 out of 8 hour[s per] day, can sit with normal breaks for 6 hours out of an 8 hour day, can occasionally climb stairs and ramps, never climb ladders, ropes or scaffolds, frequently balance, occasionally stoop, kneel, crouch and crawl, tolerate occasional exposure to extreme cold and extreme heat, occasional exposure to vibrations, no exposure to hazardous machinery or unprotected heights, limited to office level noise, alternate sit and stand every thirty minutes.

(AR 20.) To explain this finding, the ALJ's opinion includes a comprehensive review of the plaintiff's treatment records and subjective complaints. The ALJ specifically considered the plaintiff's testimony that she had "stop[ped] working because of her chronic lower back pain which prevents her from sitting or standing for longer than 10 minutes" but also found that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 21.) The ALJ identified this evidence as including the plaintiff's reported activities as well as treatment notes showing that the plaintiff reported that medication helped keep her pain under control and repeated findings that she had a normal gait and 5/5 strength. (*Id.* at 21–22.)

In addition, while the record in this case does not include a treating physician's assessment of the plaintiff's ability to perform work-related activities, it does contain the opinions of two State Agency medical consultants, both of whom assessed the plaintiff as able to lift or carry 20 pounds occasionally and 10 pounds frequently, and as able to stand/walk and sit (with normal breaks) about 6 hours each in an 8-hour workday, with some postural and environmental limitations. (*See* AR 58–59, 68–69.) The ALJ relied on these opinions too—in addition to the medical records, the plaintiff's reported activities, and her subjective complaints—to reach the RFC, which she explained as follows:

> Considering the above evidence, I find that the claimant is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently. Throughout the record, the claimant was found to have normal strength (Exhibits 1F/39, 7F/90, 6F/18, 7F/38, 46). The claimant is also able to stand and walk with normal breaks for 6 out of 8 hour[s per] day and can sit with normal breaks for 6 hours out of an 8 hour day. The claimant reported pain, but was consistently treated with medication and it was noted that she received relief from medication and was stable (Exhibits 1F/11, 7F/74, 70, 52, 18F/39). The claimant reports stiffness and pain and thus is limited to occasionally climbing stairs and ramps, never climbing ladders, ropes, or scaffolds, frequently balancing, occasionally stooping, kneeling, crouching, and crawling. While the examinations often showed normal strength, gait and range of motion, the claimant presented with tenderness and reports of widespread pain which reasonably results in her reduced ability to perform the postural movements noted (Exhibits 4F/4, 7F). I have also considered the claimant's testimony regarding intolerance to temperature changes and need to change position and thus find that the claimant can tolerate only occasional exposure to extreme cold and extreme heat, occasional exposure to vibrations, no exposure to hazardous machinery or unprotected heights, limited to office level noise, and needs to alternate sit and stand every thirty minutes. In assessing this residual functional capacity, I have considered the longitudinal record in accordance with SSR 12-2p as the symptoms of fibromyalgia can wax and wane. The records show that the claimant has treated this condition effectively with consistent medication such that she is capable of the range of light work assessed above, including the ability to sit and stand every thirty minutes.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are not fully consistent with the allegations as the records reflect that the claimant has had improvement with treatment (Exhibits 1F, 7F, 18F). Additionally, the claimant has not taken additional steps in pain relief other than medication. While the claimant reported that she could not afford any other . . . interventions such as injections or ablation, there is also no evidence that

> the claimant needed emergency care for severe pain or pursued alternative methods for treatment. However, this lack of additional care is generally consistent with the records that show that the medication helped to manage her pain (Exhibit 7F).
>
> . . . . I have fully considered the medical opinions and prior administrative medical findings as follows:
>
> The findings of the State Agency medical consultants are somewhat persuasive (Exhibits 2A, 4A). Thomas Thrush, M.D., and Gurcharan Singh, M.D., found that the claimant can perform a range of light work, and this is supported by their review of the evidence. The consultants reviewed the evidence, and they are well-qualified by reason of training and experience in reviewing a record and formulating an opinion as to limitations. The consultants' assessments are consistent with and well supported by the evidence of the record as a whole. As discussed above, the claimant conservatively treated her pain with medication which was noted to provide some improvement and she often had normal findings on examinations with some decreased range of motion and tenderness (Exhibits 1F/11, 7F/74, 70, 52, 18F/39, 1F/39, 7F/90, 6F/18, 7F/38, 46). The claimant was also able to perform a range of activities such as managing her medications and finances, preparing simple meals, driving a few times a month, manage her hygiene and perform some chores depending on her pain (Exhibit 14F, 4E). Dr. Singh's findings concerning the claimant's environmental limitations are more persuasive as he had the opportunity to review additional records and these environmental limitations are consistent with the claimant's testimony. However, it is found that the claimant also requires a sit and stand option as set forth in the above residual functional capacity based on her testimony that she has to change positions to help relieve pain. She also reported this to her providers, and it is consistent with her reports of pain and objective findings on tenderness that would require this movement.

(AR 23–24.)

The ALJ, that is, was presented with conflicting evidence. And, in evaluating the plaintiff's RFC, the ALJ properly considered all of that evidence. *See* 20 C.F.R. § 404.1529(c). It is the ALJ's function to weigh the evidence and reach a conclusion as to a claimant's RFC. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("This court has recognized that, under [the applicable] regulations, 'the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [the claimant's] residual functional capacity.' An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." (quoting *Webb v.*

*Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). Here, as the ALJ explained, she partially accepted the plaintiff's testimony that she needed to alternate between sitting and standing but did not find that the record fully supported the plaintiff's claim that she needed to alternate between sitting and standing every ten minutes. And the ALJ found the medical consultants' opinions partially persuasive, but they did not take into account the plaintiff's claim that she needed to alternate between sitting and standing. The ALJ adequately explained her determination that the plaintiff's RFC included a need to alternate between sitting and standing every thirty minutes, and that determination is supported by substantial evidence. The ALJ did not "use[] her own lay medical opinion to interpret raw medical data," nor did she "fail[] to build a logical bridge between the evidence and the RFC." (Doc. No. 10 at 1.) The plaintiff's Objection, therefore, is without merit.

**IV. CONCLUSION**

As set forth herein, the plaintiff's Objection (Doc. No. 20) will be overruled. The court will accept and adopt the R&R (Doc. No. 19) and deny the plaintiff's Motion for Judgment (Doc. No. 9). An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge